**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| TERRY A. ANDERSON, | : | Case No. 2:25-cv-1433 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| CORRECTIONS OFFICER B. HILT, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Belmont Correctional Institution (BECI), has filed a *pro se* Complaint and Affidavit.[1]  (Doc. 1-1).  In the Complaint, Plaintiff alleges violation of the Eighth Amendment to the United States Constitution and sues BECI Corrections Officers B. Hilt and Carpenter, Sr., and Sergeant Carpenter, Jr. in their official and individual capacities[2] under 42 U.S.C. § 1983.  *Id.*  By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. 4).

This case is currently before the Court for a s*ua sponte* review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C.

---

[1] Plaintiff's Affidavit restates the allegations of Plaintiff's Complaint and includes the statement that Plaintiff "swear[s] and certif[ies] under the penalty of perjury, that the forgoing sworn statements, allegations, and averments are true to the best of my knowledge and based upon those I declare to be true." (Doc. 1-1 at 11).
[2] Plaintiff never specifies whether he is suing Defendants in their official capacities, individual capacities, or both. The Undersigned analyzes below how to construe Plaintiff's Complaint. *See infra* Section C.1.

§ 1915(e)(2)(B).

## I.     Screening of the Complaint

### A.     Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328–29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however,

the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

**B.  Allegations**

In his Complaint, Plaintiff describes two discrete incidents for alleged excessive force implemented by Defendant B. Hilt, a violation of Plaintiff's Eighth Amendment right.  (*See generally* Doc. 1-1).  Liberally construing Plaintiff's allegations, *see Erickson*, 551 U.S. at 94, the Complaint can be divided into an incident that occurred in January 2025 and another that occurred in June 2025.

   1.    *January 2025 incident*

Plaintiff alleges that on January 14, 2025, he had gone to a scheduled dentist appointment, waited for service, then decided to refuse dental services and returned to his dorm. (Doc. 1-1 at 5). When informed that the dentist wanted him to return to sign an "AMA," Plaintiff left the dorm, his route taking him past the shed where Defendant Hilt and Defendant Carpenter, Sr. were posted. (*Id.*). Plaintiff alleges that, after he was stopped by Defendant Hilt, Defendant Hilt began cursing at him, asking him where he was going and that he had instructed Plaintiff to quit walking back and forth across the yard. *Id.* When Plaintiff replied, "what, [do] you think all black people look alike and quit cursing at me," Defendant Hilt continued cursing at Plaintiff, informed him that he could talk to him "anyway I want to," and demanded Plaintiff to "turn around and cuff up" after Plaintiff also cursed and stated Defendant Hilt could not talk to him in such a manner. (*Id.*). Plaintiff states that, after he turned to be handcuffed, Defendant Hilt "squeezed the handcuffs on my *left* wrist so tight I believe he pinched a nerve because my circulation went out. (*Id.*). Then Hilt started being aggressive with me, pushing and shoving me toward the bench. My fingertips and my hand [felt] numb and my wrist hurt." (*Id.*). Plaintiff states that he asked both Defendant Hilt and C.O. Wolf (not named in this suit) to loosen the handcuffs as his wrist hurt and he could not feel his fingers and hand, but neither officer loosened his cuffs. (*Id.* at 6).

   2.    *June 2025 Incident*

Plaintiff alleges that on June 9, 2025, he was heading to the cafeteria for lunch, then an afternoon class. (Doc. 1-1 at 4). As Plaintiff passed the shed where Defendant Hilt and Defendant Carpenter, Sr. were posted, Defendant Hilt stopped Plaintiff and asked him where he was going. (*Id.*). After a brief exchange in which Defendant Hilt and Plaintiff argued—Defendant Hilt believed Plaintiff to have the wrong ID badge color, while Plaintiff asserted he did have the correct

color (black, for school)—Defendant Hilt allegedly refused to contact education to confirm if Plaintiff had school or not. (*Id*.). When Plaintiff asked to "speak to a white shirt,"[3] Defendant Hilt instructed him to turn around so he could handcuff him. (*Id*.). Plaintiff alleges that Defendant Hilt, as he was handcuffing him, stated, "[y]our a-- don't learn do you," before tightening the handcuffs to a painful extreme and twisting his right hand "as if he were trying to break my wrist." (*Id*.). Plaintiff states that his "fingertips and [] hand went numb instantly and [his] wrist was in serious pain" and that he pulled away from Defendant Hilt because he was in such pain. (*Id*.). Additionally, Plaintiff asserts that Defendant Carpenter, Sr. was present during this incident yet did nothing to "prevent or intervene" Hilt's use of force. (*Id*.). Finally, Plaintiff contends that Defendant Hilt "handed him off" to Defendant Carpenter, Jr., who escorted Plaintiff to the captain's office while allegedly verbally abusing Plaintiff. (*Id*. at 5).

Since this incident, Plaintiff describes that he has difficulty using his right hand, stating that simple tasks are now difficult because his right hand "feels as if [it] [is] falling asleep, due to the numbness, and tingling that is constant in [his] right hand." (*Id*. at 6). He asserts that he has received medical treatment in the form of "Tylenol, Ibuprofen, Steroids, a Splint, and Ace Bandages" and been told that the pain will subside eventually, but that the pain has not subsided. (*Id*.). He has also requested and been denied an opportunity for medical treatment outside of the prison. (*Id*.). However, Plaintiff later in his Complaint indicates that BECI medical staff conducted an MRI of his wrist[4] and "recommended further testing about the numbness in [his] hand, to be conducted at a later date." (*Id*. at 7).

---

[3] Presumably, a "white shirt" refers to a prison official that has greater authority or knowledge than Defendant Hilt.
[4] As Plaintiff alleges continuing pain of his right wrist earlier in his Complaint, the Court at this stage presumes Plaintiff is referring to his right wrist.

For relief, Plaintiff seeks declaratory and injunctive relief, monetary damages, a jury trial, an internal investigation and disciplinary charges against each Defendant, termination of Defendants' employment, Plaintiff's costs and fees in this suit, and for any additional relief this court deems just, proper, and equitable. (*Id*. at 9). .

### C.    Analysis

#### 1.    *Official and Individual Capacities*

Plaintiff never specifies whether he is suing Defendants in their official capacities, individual capacities, or both. "If there is *no* indication that defendants are being sued in their individual capacities, the Court assumes they are being sued in their official capacities." *Moore v. City of Harriman*, 271 F.3d 769, 772 (6th Cir 2001). However, the Court may look to the "course of the proceedings" test to determine whether defendants have received enough notice to hold them individually responsible for the alleged claims. *Id*. Plaintiff seeks monetary damages, which is one factor indicating an intent to sue Defendants in their individual capacities. *Id*. at 773. Furthermore, the nature of Plaintiff's claims against all three officers are Eighth Amendment excessive force or failure to intervene or protect claims involving personal actions or inaction against Plaintiff, which suggests an individualized intent. *Rose v. Reed*, No. 2:12-CV-977, 2014 WL 3547375, at *4 (S.D. Ohio July 17, 2014). Therefore, at this early stage in the proceedings, the Court construes Plaintiff's complaint to sue Defendants in their official and individual capacities.

#### 2.    *Plaintiff's Complaint*

Plaintiff's Complaint involves a claim that potentially implicates two discrete incidents; after review, the Undersigned analyzes the June 2025 incident and January 2025 incident separately.

At this stage in the proceedings, without the benefit of briefing by the parties, the Undersigned concludes that Plaintiff may **PROCEED** at this juncture for further development with

his allegations regarding the June 2025 incident; specifically, his Eighth Amendment excessive force claim against Defendant Hilt that Plaintiff's right wrist sustained an injury that led to continuing nerve pain in that hand; his Eighth Amendment failure to protect/failure to intervene claim against Defendant Carpenter, Jr.[5]; and his Eighth Amendment failure-to protect/failure to intervene claim against Defendant Carpenter, Sr.  The Court advises Plaintiff that this is only a preliminary determination.  The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).  However, the Undersigned **RECOMMENDS** three issues be **DISMISSED**.

First, the Complaint should be dismissed as to Defendants Hilt, Carpenter, Sr., and Carpenter, Jr. in their official capacities to the extent Plaintiff seeks money damages.  Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment.  *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974).  The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts.  *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982).  The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945),

---

[5] While Plaintiff does not specifically describe how Defendant Carpenter, Jr. was involved in the June 2025 incident, he does assert that Defendant Carpenter, Jr. "failed to intervene when he was present, had reason to know of the force being used, and had an opportunity to intervene, also the means to prevent the harm from occurring. In which he did not do." (Doc. 1-1 at 3). At this preliminary stage, the Court finds these allegations sufficient for Defendant Carpenter, Jr. to remain in this suit.

*overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002). A suit against Defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70–71 (1989). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, Defendants Hilt, Carpenter, Sr., and Carpenter, Jr. are immune from suit in their official capacities to the extent Plaintiff seeks monetary damages.

Next, Plaintiff's allegations regarding the January 2025 incident should be **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. The January 2025 incident involves an Eighth Amendment excessive force claim against Defendant Hilt and an Eighth Amendment failure-to protect/failure to intervene claim against Defendant Carpenter, Sr. (Doc. 1-1 at 5–6). To prove an Eighth Amendment excessive force claim, a prisoner must establish both a subjective and an objective component. *Hudson v. McMillan*, 503 U.S. 1, 8 (1992). The subjective component focuses "on the state of mind of the prison officials" and examines "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Hudson*, 503 U.S. at 6). The objective component requires the pain inflicted on the prisoner to be "sufficiently serious," although this factor is not dispositive. *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). While the use of force need not be severe, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition

8

*de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010) (internal quotation and quotation marks omitted).  So, "[a]n inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Id.*  Yet courts' focus must remain on the reasonability of the force used.  "[W]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated[,] whether or not significant injury is evident." *Williams*, 631 F.3d at 383 (internal quotation omitted).

Here, the Undersigned finds Plaintiff's allegations insufficient for the objective component. Plaintiff says the handcuffs cut off his "blood circulation" and "pinched [his] nerve" in his left wrist but pleads no other injuries resulting from Defendant Hilt's actions on January 14, 2025. (Doc. 1-1 at 5–6 (stating that the handcuffs were tight enough to cut off his blood circulation in January 2025, but all lasting injuries are from the wrist twist and tight handcuffs "suffered at the hands of Belmont staff / Officer B. Hilt on June 9, 2025.")).  The Undersigned cannot conclude that these January 2025 allegations are more serious than a "push or shove" or rise to the level of a constitutional violation. *Wilkins*, 559 U.S. at 38 ("An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." (internal quotation and quotation marks omitted)).  Indeed, under similar facts, courts have concluded that such allegations are too *de minimis* and fail as a matter of law. *See, e.g.*, *Jones Bey v. Johnson*, 248 F. App'x 675, 677–78 (6th Cir. 2007) (holding that allegations that a prisoner's "hands were cuffed too tightly and mashed against the food slot on his cell" failed to satisfy the objective component); *Grzelak v. Washington*, No. 1:19-cv-1003, 2020 WL 289229, at *2–3 (W.D. Mich. Jan. 21, 2020) (finding a prisoner's allegations that he was handcuffed for three hours did not violate the Eighth Amendment because, in part, he did not allege "he suffered any ill-effects"); *Matthews v. Copeland*,

286 F.Supp.3d 912, 918–919 (M.D. Tenn. 2017) (finding that ankle swelling, lacerations, and cuts from handcuffs were not enough to establish the objective component of an Eighth Amendment excessive force claim).  While Plaintiff alleges he informed Defendant Hilt that his wrist was hurting and that he couldn't feel his hands and fingers, yet Defendant Hilt did not loosen the cuffs, which could indicate a more "malicious[] and sadistic[] [mindset] for the very purpose of causing harm," the Court cannot plausibly infer that the incident and attendant injuries rise above the *de minimis* threshold for stating a claim upon which relief can be granted.  Therefore, the Undersigned **RECOMMENDS** that Plaintiff's allegations regarding the January 2025 incident be **DISMISSED without prejudice**.

Additionally, although the Court is permitting Plaintiff to proceed with his Eighth Amendment failure to protect/failure to intervene claim against Defendant Carpenter, Jr. arising from the June 2025 incident, Plaintiff's allegation that Defendant Carpenter, Jr. was verbally abusive while escorting him to the captain's office is subject to dismissal.  "Verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment."  *Snelling v. Smith*, No. 1:16-cv-656, 2016 WL 6518264, at *6 (W.D. Mich. Nov. 3, 2016) (citing *Ivey*, 832 F.2d at 955).  Therefore, Plaintiff's allegation regarding verbal abuse against Defendant Carpenter, Jr., should be **DISMISSED**.

Accordingly, the Undersigned finds that Plaintiff's Eighth Amendment excessive force claim against Defendant Hilt and Plaintiff's Eighth Amendment failure to protect/failure to intervene claims against Defendant Carpenter, Jr. and Defendant Carpenter, Sr. may proceed.  Next, the Undersigned **RECOMMENDS** the Court **DISMISS** Plaintiff's Complaint as to all Defendants in their official capacities to the extent Plaintiff seeks monetary damages.  Furthermore**,** the Undersigned **RECOMMENDS** that Plaintiff's January 2025 allegations be **DISMISSED without**

10

**prejudice** for failure to state a claim. **Finally,** the Undersigned **RECOMMENDS** the Court **DISMISS** Plaintiff's allegation that Defendant Carpenter, Jr. was verbally abusive.

### D. Service

Because some of Plaintiff's claims are moving forward, generally the next step would be for the Court to order service on the proceeding Defendants. But Plaintiff has not supplied the Court with the requisite service documents for Corrections Officer B. Hilt, Corrections Officer Carpenter, Sr., or Sergeant Carpenter, Jr. Accordingly, Plaintiff is **ORDERED** to file a completed summons form and a completed U.S. Marshals 285 form for each of Defendants Hilt, Carpenter, Sr., and Carpenter, Jr. **within fourteen (14) days**.

The Clerk is **DIRECTED** to mail Plaintiff three of each blank form. The Clerk is also **DIRECTED** to mail Plaintiff a copy of the Southern District of Ohio's Guide for *Pro Se* Civil Litigants. Plaintiff is advised to attend to pages 9–11 and 30–35 for more information about service and how to properly fill out the required forms.

Plaintiff is **WARNED** that the Court cannot order service until he has filed complete forms. He should not delay. Failure to provide service forms may result in a recommendation that this case be dismissed for want of prosecution.

**IT IS THEREFORE RECOMMENDED THAT**:

1.      The Court **DISMISS** Plaintiff's Complaint as to Defendants Hilt, Carpenter, Sr., and Carpenter, Jr. in their official capacities to the extent Plaintiff seeks monetary damages.

2.      The Court **DISMISS WITHOUT PREJUDICE** Plaintiff's allegations regarding the January 2025 incident for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

11

3.     The Court **DISMISS** Plaintiff's allegation that Defendant Carpenter, Jr. was verbally abusive to the extent Plaintiff is bringing this allegation under the Eighth Amendment.

## IT IS THEREFORE ORDERED THAT:

1.     Plaintiff **SHALL** file a completed summons form and a completed U.S. Marshals 285 form for each of Defendants Hilt, Carpenter, Sr., and Carpenter, Jr. **within fourteen (14) days**.

2.     The Clerk **SHALL** mail Plaintiff three blank summons forms, three blank USM-285 forms, and a copy of Southern District of Ohio's Guide for *Pro Se* Civil Litigants.

3.     Plaintiff **SHALL** serve upon Defendants or, if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff **SHALL** include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4.     Plaintiff **SHALL** inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: April 1, 2026                      */s/ Kimberly A. Jolson*
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE

### PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected

12

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).